JOSEPH TIMMONS, Plaintiff-Appellee, *v.* BEN C. TURSKI, D.D.S., Defendant-Appellant.

Fifth District    No. 81-117

Opinion filed December 14, 1981.

Stephen W. Thomson, of Reed, Armstrong, Gorman & Coffey, of Edwardsville, for appellant.

Paul H. Lauber, of Chapman & Carlson, of Granite City, for appellee.

JUSTICE JONES delivered the opinion of the court:

On his way to an early-morning dental appointment plaintiff, Joseph Timmons, slipped on ice and fell, fracturing his left leg. When he fell he was walking along a path that had been shoveled by defendant, Ben Turski, his dentist. In the ensuant lawsuit a jury found in favor of plaintiff and against defendant, assessing damages in the amount of $20,000. The trial court denied defendant's motion to set aside the verdict and his motion to vacate the judgment entered on the verdict and enter judgment

in favor of defendant notwithstanding the verdict of the jury. Defendant appeals, raising several issues. In view of our disposition of this case we need consider only one of the issues raised, whether defendant was free of negligence as a matter of law.

Plaintiff alleged in his second amended complaint that "the Defendant was negligent, in that he had, some time prior [to the date of plaintiff's fall] created or permitted to be created an unnatural accumulation of snow and ice on his property, which was then and there present where Plaintiff was required to walk." At trial the principal witnesses, other than the chiropractor who had treated plaintiff and the physician who had examined him, were the plaintiff and the defendant.

Defendant testified that on the morning when plaintiff fell, January 5, 1977, he had shoveled and applied salt to a path about 18 inches wide that led from the door, used by patients to enter his office, out to the sidewalk, along the sidewalk, and out to the parking lot used by his patients. It had snowed about two inches that morning and had snowed several times over the past few days prior to the incident. He indicated that the path he had shoveled traversed the width of the driveway leading into the parking lot. He described the driveway as snow-packed from cars driving over it.

Plaintiff testified that because of slick driving conditions he had left his house early so that he could be on time for his eight o'clock appointment with defendant. Having parked his truck in defendant's parking lot, he walked along the path shoveled by defendant. The path led across the driveway, which was about 20 feet wide, and up to the corner of defendant's office building. He described the surface of the path as "real glassy looking, slick looking." Asked further about the surface of the path, he answered that "[t]he only thing I seen [sic] was just ice or snow, packed snow," and stated that the path "looked like it had been shoveled but it looked more shiny than the parking lot," which he described as "white" and "snow-packed." He said that because the path had been cleared of snow he could see that ice appeared to be beneath the snow and explained that in order to have better footing than the ice in the path seemed to afford, he walked in the snow along the edge of the path. He testified,

> "Just before I got to the corner of the building, I had to step around the corner to get to the main sidewalk and I stepped from the snow-covered area down to the path and then the next thing I knew I heard a—I was falling—I fell."

He fell at a point before he reached the sidewalk, he said, "about ten or eighteen inches from the wall, about ten inches, I guess, from the wall" of defendant's office building. He said he did not "really know" how far he was from the wall or whether he could have braced himself by using the

building. In his deposition taken prior to trial he said he could "probably" have used the building for that purpose.

In his brief on appeal plaintiff avers that defendant had a duty "to refrain from aggravating an icy condition or causing the creation or accumulation of any icy condition through *his own use* of the property." Plaintiff maintains that the icy condition was aggravated or indirectly created by defendant in the conduct of his dental practice on the property because motor vehicles using the driveway to pass to and from the parking lot caused the snow to be "packed down and made hard." The surface was, he says, "packed by autos and then scraped over by defendant." Plaintiff concludes that "[t]hrough his use of his property, the defendant aggravated and accumulated snow and ice where plaintiff was required to go while on defendant's property for business purposes."

We need not determine whether such compaction by motor vehicles constitutes a natural or an unnatural accumulation of snow and ice because, according to plaintiff's own testimony, it would have been a physical impossibility for him to have fallen upon such a surface, falling as he did "about ten to eighteen inches" from the wall of a building and close enough to the building that he might possibly have used it to brace himself as he fell. Although plaintiff apparently had walked over the compacted surface of the driveway as he followed the path shoveled by defendant, he did not fall there but, rather, on that part of the path which had merely been shoveled by defendant.

■■ It is well settled that a property owner is not liable for injury sustained by a business invitee in a fall on an icy sidewalk or parking lot maintained by the property owner for the use of his customers where the condition is a natural one and not caused or aggravated by the property owner. (*Zide v. Jewel Tea Co.* (1963), 39 Ill. App. 2d 217, 188 N.E.2d 383.) On the other hand, a property owner may be liable for injury sustained by a business invitee who falls and is injured as a result of snow and ice which did not accumulate as a result of natural causes but as the result of the property owner's conduct in creating an unnatural or artificial accumulation of the snow and ice. (*Zide.*) Although there is no duty to remove snow and ice from one's premises, a voluntary undertaking to remove such snow and ice may be the basis of liability if the removal is performed negligently. (*DeMario v. Sears Roebuck & Co.* (1972), 6 Ill. App. 3d 46, 284 N.E.2d 330.) However, mere removal of snow, which may leave a natural ice formation remaining on the premises does not of itself constitute negligence. *Bakeman v. Sears, Roebuck & Co.* (1974), 16 Ill. App. 3d 1065, 307 N.E.2d 449; *Anderson v. Davis Development Corp.* (1968), 99 Ill. App. 2d 55, 241 N.E.2d 222.

In the case at bar there was no evidence that defendant by his conduct had created an unnatural or artificial accumulation of ice and

snow where plaintiff fell. When defendant undertook voluntarily to remove the most recently fallen snow along the path upon his premises he did apparently leave a natural ice formation. To do so, however, does not constitute negligence, and there is no evidence in the record that his conduct in removing the snow was for any other reason negligent.

■■ It was essential to plaintiff's cause of action that he introduce some evidence to show that his fall resulted from an unnatural accumulation of snow and ice. He failed to do so. Where there is a complete absence of probative evidence to support the verdict of the jury, it should be set aside. (*Zide.*) Since there was in the instant case a complete absence of evidence to support the theory advanced by the plaintiff and the verdict reached by the jury, the verdict should be set aside. Not only did the evidence fail to show that defendant caused an unnatural accumulation of snow and ice at the place where plaintiff fell, it showed that by shoveling and scraping the snow along the path and by applying salt to it defendant exercised reasonable care in making his premises safe for use by plaintiff as well as his other patients. To hold otherwise would put defendant in the position of an absolute insurer of the safety of his business invitees, a position the law of this State prohibits (*Zide*). Because the trial court should have granted defendant's motion to set aside the verdict we hereby reverse the judgment entered on the verdict and enter judgment for the defendant notwithstanding the jury verdict. *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504.

Reversed, judgment rendered for defendant.

HARRISON and WELCH, JJ., concur.