PATRICIA ANN WILLIAMS, Plaintiff-Appellant, *v.* ALFRED N. KOPLIN & COMPANY *et al.*, Defendants-Appellees.

Second District   No. 82—607

Opinion filed May 3, 1983.

Steven J. Rosenberg, of Chicago, for appellant.

Barry L. Kroll, Jean Christie Harris, Thomas H. Neuckranz, and Lloyd E. Williams, all of Jacobs, Williams & Montgomery, Ltd., of Chicago, for appellees.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, Patricia Ann Williams, appeals from an order which granted the motion for summary judgment of the defendants, Alfred N. Koplin & Company and Hinsdale Management Company. The only issue raised on appeal by plaintiff is whether the trial court erred in granting summary judgment where a genuine issue of material fact existed.

Plaintiff's second amended complaint alleged in count I that on February 21, 1979, at approximately 6 p.m. and prior thereto, defendants owned the building in which plaintiff's employer was a tenant and where plaintiff worked; that it was defendants' duty to exercise ordinary care to keep the stairway and entrance in a reasonably safe condition; that defendants negligently shoveled ice and snow from the entrance and stairway leaving more than one-half of the entrance and stairway covered with ice and snow without any lighting; that defendants had notice of the dangerous condition, or by the exercise of ordi-

nary care should have had such notice; and that plaintiff was injured when she slipped and fell while attempting to walk down the stairway.

Count II alleged substantially the same facts as in count I, but pleaded the wilful and wanton conduct of defendants or their agents in shoveling the ice and snow. This count further alleged defendants' recklessness in employing unfit agents and defendants' ratification of the acts of those agents. Subsequent to filing their answer, defendants filed a motion for summary judgment and, attached thereto, a copy of climatological data for February 1979 and excerpts from plaintiff's deposition. Plaintiff, in response, filed her affidavit stating that "on February 21, 1979, she began to walk down the narrow path shoveled down the middle of the stairway of the premises *** and that at said time and place, the handrails alongside the stairway were inaccessible to individuals walking down the shoveled, narrow path." She also filed excerpts from her deposition.

The excerpts from plaintiff's deposition reveal that at the time of the accident there were 16 inches of snow accumulated on the ground in the Chicago area and that there had been additional snowfall the morning of the accident. The stairway upon which plaintiff fell was normally wide enough to accommodate three persons walking abreast. Although defendants had shoveled snow from the stairway, they did so only in the center of the stairs, creating a path about the width of a shovel. The stairs were not cleanly shoveled, and contained patches of impacted snow, on the shoveled portions of the stairs, caused by pedestrian traffic. Toward the sides of the stairway, in its unshoveled portions, the snow was approximately one foot deep. Plaintiff, who was walking down the shoveled portion of the stairs, slipped on the top step of the stairway and fell down the remaining steps. Plaintiff saw snow on the stair on which she slipped.

The thrust of plaintiff's argument on appeal is that defendants were negligent by shoveling a narrow, slippery path down the center of a stairway, from which handrails were inaccessible, and which gave plaintiff the unreasonable choice of either taking the shoveled path, from which handrails were inaccessible, or walking down the stairs through the deep snow next to the handrails.

We first point out certain circumstances which are not disputed by the plaintiff on appeal. While plaintiff alleged in her complaint inadequate lighting, there are no facts in either plaintiff's affidavit or the excerpts from her deposition to support that allegation. Further, there is no evidence that the unshoveled portion of the stairway was in any way altered from its natural state by the addition of snow shoveled from the middle of the stairway. Finally, plaintiff did not allege in her

complaint or contend on appeal that the patch of snow she slipped on was an unnatural or artificial accumulation of snow and ice resulting from defendants' conduct which caused her injury.

Summary judgment should be granted only where there is no genuine issue of material fact. (Ill. Rev. Stat. 1981, ch. 110, par. 57, recodified at Ill. Rev. Stat. 1981, ch. 110, par. 2—1005.) The court is to determine the existence or absence of a genuine issue as to any material fact from the affidavits, depositions, admissions, exhibits, and pleadings in the case. (*Carruthers v. B. C. Christopher & Co.* (1974), 57 Ill. 2d 376, 380, 313 N.E.2d 457.) A motion for summary judgment and its supporting documents must be strictly construed and must leave no question of the movant's right to summary judgment. *Bak v. Burlington Northern, Inc.* (1981), 93 Ill. App. 3d 269, 272, 417 N.E.2d 148.

A landlord's duty to his tenants pertinent to the issue raised here is as follows. Where only a portion of the premises is rented and the landlord retains control of other parts of the same such as stairways, passageways, or cellarways, or where he rents the premises to several tenants, retaining control over a part of the same for the common use of the several tenants, he has the duty of exercising reasonable care to keep the premises in a reasonably safe condition and he is liable for an injury from failure to perform such duty. (*Murphy v. Illinois State Trust Co.* (1940), 375 Ill. 310, 313-14, 31 N.E.2d 305; *Hiller v. Harsh* (1981), 100 Ill. App. 3d 332, 336, 426 N.E.2d 960; *Seago v. Roy* (1981), 97 Ill. App. 3d 6, 8, 424 N.E.2d 640; *Gilbreath v. Greenwalt* (1980), 88 Ill. App. 3d 308, 310, 410 N.E.2d 539.) The status of the injured person on such premises is important only to the extent that that person is lawfully on the premises since the duty of reasonable care has been imposed upon the landlord whether the injured person was a tenant, an employee of a tenant, a business invitee of a tenant, or a social guest of a tenant. (*Hiller v. Harsh* (1981), 100 Ill. App. 3d 332, 336, 426 N.E.2d 960.) The landlord's duty is not to insure the safety of his tenants, but to exercise reasonable care. *Murphy v. Messerschmidt* (1976), 41 Ill. App. 3d 659, 663, 355 N.E.2d 78, *aff'd & rem.* (1977), 68 Ill. 2d 79, 368 N.E.2d 1299.

█ Generally, a property owner is under no obligation to clear the snow from sidewalks adjoining his premises (*Riccitelli v. Sternfeld* (1953), 1 Ill. 2d 133, 115 N.E.2d 288), or sidewalks maintained by the property owner (*Kittle v. Liss* (1982), 108 Ill. App. 3d 922, 924, 439 N.E.2d 972). It is the general rule that in the absence of a special agreement, a landlord owes no duty to his tenants to remove natural accumulations of snow and ice from common areas which remain under his control. (*Chisolm v. Stephens* (1977), 47 Ill. App. 3d 999, 1004, 365

N.E.2d 80; *Gehrman v. Zajac* (1975), 34 Ill. App. 3d 164, 340 N.E.2d 184; see also *Erasmus v. Chicago Housing Authority* (1980), 86 Ill. App. 3d 142, 145, 407 N.E.2d 1031.) A landlord incurs no liability for injuries to his tenants by the natural accumulation of ice and snow on his property. (*Erasmus v. Chicago Housing Authority* (1980), 86 Ill. App. 3d 142, 144-45, 407 N.E.2d 1031.) The mere removal of snow, which leaves a natural accumulation of ice on the surface, does not of itself constitute negligence. (*Timmons v. Turski* (1981), 103 Ill. App. 3d 36, 38, 430 N.E.2d 1135; *Erasmus v. Chicago Housing Authority* (1980), 86 Ill. App. 3d 142, 145, 407 N.E.2d 1031.) For a landlord to be liable, it must be shown that he in some way caused an unnatural accumulation of ice and snow or that he aggravated a natural condition. *Lewis v. W. F. Smith & Co.* (1979), 71 Ill. App. 3d 1032, 1037-38, 390 N.E.2d 39.

Applying these principles to the facts of the instant case, we conclude that plaintiff has neither alleged in her complaint negligence premised upon an unnatural accumulation of snow or ice on the stairway caused by defendants, nor presented by her affidavit or deposition a question of fact of such a condition. Although some snow apparently accumulated after shoveling which may have caused her to slip, this was a natural accumulation and does not itself establish negligence. *Timmons v. Turski* (1981), 103 Ill. App. 3d 36, 430 N.E.2d 1135; *Erasmus v. Chicago Housing Authority* (1980), 86 Ill. App. 3d 142, 407 N.E.2d 1031.

■ Plaintiff, however, maintains that a separate basis for liability exists for which her affidavit and deposition present a genuine issue of material fact which make summary judgment inappropriate. She contends that "defendants' negligence inhered [*sic*]" once defendants undertook to shovel the stairway in a manner which created a narrow path from which a handrail was inaccessible.

While defendants assert that this is a new theory not pleaded in the trial court, any objection to the lack of specificity in pleading this allegation has been waived by defendants' failure to object below when the facts to support this theory were raised in plaintiff's affidavit and specific argument was made to the trial court on this basis by plaintiff in opposition to defendants' motion for summary judgment. See *Florsheim v. Travelers Indemnity Co.* (1979), 75 Ill. App. 3d 298, 303, 393 N.E.2d 1223.

Although no independent duty exists upon a landlord to shovel a natural accumulation of snow on his property, liability can arise from the negligent performance of a voluntary undertaking. (See *Nelson v. Union Wire Rope Corp.* (1964), 31 Ill. 2d 69, 74, 199 N.E.2d 769;

*Cogswell v. Norfolk & Western Ry. Co.* (1976), 43 Ill. App. 3d 444, 448, 357 N.E.2d 217.) Also, in *Pippin v. Chicago Housing Authority* (1979), 78 Ill. 2d 204, 399 N.E.2d 596, our supreme court held that the Chicago Housing Authority, which owed no duty by statute or common law to protect its tenants from criminal acts, may impose liability upon itself when it voluntarily undertakes the hiring of a firm to provide security services, but performs the undertaking negligently, if the negligence is the proximate cause of the injury. (78 Ill. 2d 204, 209, 399 N.E.2d 596.) These cases are analogous to the situation here.

■ By voluntarily shoveling a path on the stairway, the defendants then obligated themselves to perform the undertaking with reasonable care. The plaintiff's affidavit and deposition evidence established that the handrail was inaccessible from the shoveled path and that she slipped on the first step where snow had accumulated. At this stage of the proceedings, plaintiff need show only some factual basis which would arguably entitle her to judgment. (*Gehrman v. Zajac* (1975), 34 Ill. App. 3d 164, 166, 340 N.E.2d 184.) The facts here are sufficient to raise a genuine issue of material fact as to defendants' negligence. Although defendants argue that there is no showing "that the supposed inaccessibility of the handrails in any way caused plaintiff to fall," reasonable inferences from the stated facts raise questions of fact whether an accessible handrail would have prevented plaintiff from falling or aided her when she began to fall. (See *Murphy v. Messerschmidt* (1977), 68 Ill. 2d 79, 86-87, 368 N.E.2d 1299.) Also, if different inferences can be drawn by a reasonable man from facts evidenced, an issue of fact is considered to exist and summary judgment must be denied. *Unzicker v. Chambers* (1972), 8 Ill. App. 3d 992, 996, 291 N.E.2d 231.

It is further argued by defendants that plaintiff elected to walk down the shoveled portion of the stairway and fell on the slippery step for which condition the defendants were not responsible. Whether plaintiff had a choice of routes down the stairs, one through a foot of snow next to the handrail and another through the shoveled portion inaccessible to the handrail, and whether she chose a safe or unsafe path are questions of material fact on the issue of defendants' negligence and plaintiff's comparative negligence. (See *Geraghty v. Burr Oak Lanes, Inc.* (1955), 5 Ill. 2d 153, 162, 125 N.E.2d 47.) Thus, summary judgment for defendants should not have been granted.

Reversed and remanded.

LINDBERG and VAN DEUSEN, JJ., concur.