MARIA MADEO, Plaintiff-Appellant, v. TRI-LAND PROPERTIES, INC., *et al.*, Defendants-Appellees.

Second District   No. 2—91—1448

Opinion filed December 29, 1992.

Theodore J. Ansani, of Ansani & Ansani, of Park Ridge, for appellant.

Peter J. Crowley, of Crowley, Ross & DeMeo, Terence R. Selby and Michael J. Ortyl, both of French, Kezelis & Kominiarek, P.C., and Francis A. Spina, of Tressler, Soderstrom, Maloney & Priess, all of Chicago, for appellee G.B. Maintenance Service, Inc.

JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiff, Maria Madeo, filed this personal injury lawsuit against defendants, Tri-Land Properties, Inc. (Tri-Land), and G.B. Maintenance Service, Inc. (G.B. Maintenance). Plaintiff alleged in her complaint that she suffered injuries after slipping on a patch of ice in a parking lot that defendant Tri-Land owned and defendant G.B. Maintenance plowed. Plaintiff appeals from the trial court's grant of summary judgment in favor of defendants. Plaintiff also appeals the trial court's grant of defendants' motion to strike portions of plaintiff's witnesses' affidavits. We affirm.

On December 29, 1988, plaintiff's daughter, Marie Wagner, drove plaintiff to the Dominick's grocery store in Bloomingdale, Illinois. Ms. Wagner parked the car in the lot adjacent to the store. As plaintiff exited the passenger side of the car, she slipped and fell, breaking her arm and sustaining other injuries. In her complaint, plaintiff claimed

that defendants negligently plowed the lot, causing an unnatural accumulation of snow and ice to form. According to plaintiff, defendants placed a pile of snow at the high point of the sloped lot. She claimed that when the snow melted during a thaw, the water flowed through the lot toward the drain. She then claimed that the water refroze once the temperature dropped below freezing, causing her to fall.

Defendants moved for summary judgment. According to defendants, plaintiff failed to produce evidence that she slipped on an unnatural accumulation of ice or snow. In opposition to summary judgment, plaintiff presented her own deposition, the deposition of Ms. Wagner, and the deposition of Andrew Lago, who plaintiff claims is an expert in the field of snowplowing. She also presented the affidavits of Ms. Wagner and Mr. Lago. The trial court struck portions of Ms. Wagner's and Mr. Lago's affidavits on the ground that they violated Supreme Court Rule 191 (134 Ill. 2d R. 191). The trial court found that the remaining depositions and affidavits supplied by plaintiff created no genuine issues of material fact and granted summary judgment in favor of both defendants.

■ A property owner generally owes no duty to its customers to remove snow or ice that accumulates naturally on its premises. (*Wells v. Great Atlantic & Pacific Tea Co.* (1988), 171 Ill. App. 3d 1012, 1017.) However, where a property owner undertakes to remove ice or snow, it must exercise ordinary care in doing so. (*Webb v. Morgan* (1988), 176 Ill. App. 3d 378, 382.) A party who contracts with a property owner to remove snow or ice also owes the customers of that property owner a duty of reasonable care. (*Crane v. Triangle Plaza, Inc.* (1992), 228 Ill. App. 3d 325, 329; *Eichler v. Plitt Theatres, Inc.* (1988), 167 Ill. App. 3d 685, 691-92.) Therefore, both G.B. Maintenance and Tri-Land could be liable in this case for either creating an unnatural accumulation of ice or snow or aggravating a natural accumulation of ice or snow. *Gilberg v. Toys "R" Us, Inc.* (1984), 126 Ill. App. 3d 554, 557.

Plaintiff first claims that the trial court was in error for granting defendants' motion to strike portions of plaintiff's affidavits. Supreme Court Rule 191 provides:

"Affidavits in support of and in opposition to a motion for summary judgment *** shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based; *** shall not consist of conclusions but of facts admissible in evidence ***." (134 Ill. 2d R. 191.)

The trial court struck paragraphs 6 and 7 of Marie Wagner's affidavit where she stated:

"6. When the plowed snow melts, it flows toward the sewer.

7. Prior to December 29, 1988, there had been snow which was plowed, then the snow began to melt, and then the water froze."

Elsewhere in her affidavit, Ms. Wagner stated that the snow was plowed to the east end of the lot, that the lot was sloped, and that plaintiff slipped on a patch of ice on the slope.

■ We conclude that paragraphs 6 and 7 of Ms. Wagner's deposition were conclusions in violation of Rule 191. Ms. Wagner stated no facts within her personal knowledge to support her statement that the snow from the snow bank melted and refroze prior to the date of the accident. As we discuss below, however, even if allowed to stand, these statements do not create a genuine issue of material fact.

The trial court also struck paragraphs 3 and 4 of Andrew Lago's affidavit where he stated:

"3. The parking lot in question was improperly plowed so that melting snow and water would have to cross the parking lot.

4. That the melting snow and water would travel through the parking area after the snow was plowed to where it was plowed [sic]."

Elsewhere in his affidavit, Mr. Lago stated that the snow was placed at the "pitch of the lot." Once again, even if paragraphs 3 and 4 were allowed to stand, they do not create a genuine issue of material fact. These statements merely indicate that snow can melt and flow down an incline. As we discuss below, such evidence does not prove that the plaintiff's injuries resulted from an unnatural accumulation of ice or snow.

Plaintiff next claims that the trial court improperly granted summary judgment in defendants' favor. A trial court should only grant summary judgment when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Ill. Rev. Stat. 1991, ch. 110, par. 2—1005(c); *Purtill v. Hess* (1986), 111 Ill. 2d 229, 240.) Because summary judgment is a drastic remedy, the court should construe the evidence "strictly against the movant and liberally in favor of the opponent." *Purtill*, 111 Ill. 2d at 240.

In *Fitzsimons v. National Tea Co.* (1961), 29 Ill. App. 2d 306, the plaintiff slipped on a patch of ice in the defendant's parking lot. As in

this case, the defendant in *Fitzsimons* had plowed the snow to the high end of a sloped parking lot. Subsequently, alternating periods of thawing and freezing occurred, causing melted snow to flow down the lot's incline and refreeze. In *Fitzsimons*, "the defendant's store manager admitted that ice accumulated in the path of that melting snow [and] that it was on some of this ice that the plaintiff fell." (29 Ill. App. 2d at 313.) The court in that case found that the plaintiff had produced sufficient evidence to prove that the defendant had negligently caused ice to accumulate unnaturally.

In this case, defendants nowhere admit that the ice that caused plaintiff to slip came from the pile of plowed snow at the east end of the lot. We must decide, therefore, whether plaintiff has produced any evidence that she slipped on ice that had accumulated unnaturally after defendants plowed the snow. Plaintiff supplied meteorological data which indicated that on December 26, 1988, between 6 p.m. and 9 p.m., the temperature climbed above freezing. The data also indicated that the temperature remained above freezing until between noon and 3 p.m. on December 27, 1988. The temperature reached a high of 39 degrees on December 27, 1988. Marie Wagner stated in her deposition that the lot slopes very slightly from east to west. She also stated that on December 29, 1988, the day of her mother's injury, there was a pile of snow on the east end of the lot. She stated that she "assumes" that melted snow would drip down into the parking lot.

Andrew Lago stated in his deposition that when he viewed the lot a couple of months after the accident, the snow was piled up on the side of the lot farthest from the sewer. This corresponds with Ms. Wagner's testimony as to how the snow was piled on the day of the accident. Mr. Lago stated that in his opinion the snow should have been piled closer to the sewer so that it would not melt, flow across the lot, and refreeze. He did not know, however, where plaintiff actually fell in relation to the piles of snow. He also admitted that he did not know what caused her to fall.

It is possible in this case that plaintiff slipped on ice that formed when snow from the pile at the east end of the lot melted, flowed across the lot, and refroze. We hold, however, that plaintiff has not supplied any concrete evidence linking that snow pile to the ice that caused her to slip. Plaintiff presented no evidence that could lead a reasonable trier of fact to conclude that the ice resulted from unnatural, rather than natural, conditions.

In *Crane v. Triangle Plaza, Inc.* (1992), 228 Ill. App. 3d 325, 330-31, we held that the plaintiff's assumptions about the cause of her injury could not constitute facts in opposition to summary judgment. In

*Crane*, the plaintiff slipped on a patch of ice in the defendants' parking lot as she exited her car. The defendant in *Crane* had plowed the snow into a pile adjacent to where the plaintiff had parked her car. The plaintiff claimed that she was "99 and 99/100% sure" that she slipped on ice which had formed when the piled-up snow melted, collected in depressions in the defendant's lot, and refroze. We found that the plaintiff's belief as to how the ice formed did not constitute a sufficient "factual basis [for her] assertion that the ice was created by an unnatural accumulation of snow." (228 Ill. App. 3d at 330.) Summary judgment in favor of the defendant was appropriate because the plaintiffs had failed to show any "nexus," other than "complete speculation" between the defendants' piles of snow and the ice where the plaintiff slipped. 228 Ill. App. 3d at 330-31.

In *Zide v. Jewel Tea Co.* (1963), 39 Ill. App. 2d 217, the plaintiff also slipped on a patch of ice in the defendant's parking lot. The lot in that case was sloped slightly downward, with the defendant's store located at the top of the slope. On the day of the accident, the high temperature was 11 degrees Fahrenheit and a light snow had fallen. The plaintiff argued that the salt which defendant placed near the entrance of the store caused snow to melt, flow toward the drain at the low end of the lot, and refreeze by the plaintiff's car. The court found that the plaintiff's theory of the case was far too speculative. The plaintiff had not provided evidence that the salt by the entrance to the store produced or could have produced the ice that had formed by the plaintiff's car. 39 Ill. App. 2d at 225-26.

*Webb v. Morgan* (1988), 176 Ill. App. 3d 378, 381, illustrates the type of evidence that plaintiff would need to produce in order to defeat defendants' motion for summary judgment. In *Webb*, the plaintiff presented expert testimony that the runoff from the piles of plowed snow on the defendant's lot would likely accumulate in the spot where the plaintiff slipped. The jury, therefore, could reasonably infer that the piles of plowed snow caused the plaintiff's fall. The plaintiff here might also have defeated summary judgment by producing evidence that the ice where plaintiff slipped formed a sheet extending from the snow pile to the place where she fell. Instead, however, Ms. Wagner stated that her mother fell on a two-foot by three-foot patch of ice.

Plaintiff in this case failed even to present evidence that the piles of snow defendants placed at the east edge of the parking lot could have caused ice to form in the parking lot. Plaintiff has supplied meteorological data which indicated that the temperature was slightly above freezing from the evening of December 26, 1988, until about midday on December 27, 1988. There was also evidence that G.B.

Maintenance plowed the lot sometime on December 27. However, there is no evidence that it plowed the lot prior to when the temperature fell below freezing.

Furthermore, plaintiff's expert failed to provide any evidence that plaintiff slipped on an unnatural accumulation of ice or snow. Mr. Lago stated that he visited the lot a couple of months after the accident. There is evidence that the snow on the day of his visit was piled similarly to the way in which it was plowed on the day of the accident. There is no evidence, however, that the weather conditions on the day of Mr. Lago's visit were similar to the weather conditions on the day of the accident. Nor did Mr. Lago state that the snow piles he observed appeared to cause an accumulation of ice in the parking lot. Plaintiff also failed to provide expert testimony concerning the steepness of the grade in the lot. Other than stating, in essence, that "water flows downhill," plaintiff provided no evidence as to how the grade in the lot could have caused water from the snow bank to reach the spot where plaintiff slipped.

Although plaintiff need not prove her case in order to defeat a motion for summary judgment, she must "present some facts to show that the ice was unnatural or caused by defendant." (*Crane*, 228 Ill. App. 3d at 332; *Gilberg v. Toys "R" Us, Inc.* (1984), 126 Ill. App. 3d 554, 558.) She must either show a direct link between defendants' snow piles and the ice that caused her to slip, or she must provide circumstantial evidence through an expert. (See *Wells v. Great Atlantic & Pacific Tea Co.* (1988), 171 Ill. App. 3d 1012, 1018.) It is not enough that the plaintiff invites speculation as to the cause of the ice. (*Byrne v. Catholic Bishop* (1971), 131 Ill. App. 2d 356, 359.) Therefore, the trial court properly granted summary judgment in favor of defendants.

The only defendant to file a brief in this case was G.B. Maintenance. Tri-Land failed to file a brief. However, as a property owner, Tri-Land has no duty to remove natural accumulations of ice and snow from its property. (*Burke v. City of Chicago* (1987), 160 Ill. App. 3d 953, 956; *McCann v. Bethesda Hospital* (1979), 80 Ill. App. 3d 544, 548.) Since plaintiff has not presented facts which would show that an unnatural accumulation of ice and snow caused her injuries, the trial court correctly granted summary judgment in Tri-Land's favor.

The order of the circuit court of Du Page County is affirmed.

Affirmed.

INGLIS, P.J., and DOYLE, J., concur.