**Estella STEWART, Plaintiff,**

v.

**UNITED STATES of America and United States Postal Service, Defendants.**

No. 94 C 7454.

United States District Court, N.D. Illinois, Eastern Division.

Feb. 13, 1996.

lief is not "direct" evidence.

Keith Louis West, Law Offices of Keith Louis West, Mundelein, IL, for Estella Stewart.

Brian R. Havey, Young B. Kim, United States Attorney's Office, Chicago, IL, for United States, United States Postal Service.

### MEMORANDUM OPINION AND ORDER

ASPEN, Chief Judge:

Plaintiff Estella Stewart brings this single-count complaint against the United States of America for injuries she suffered after tripping outside the lobby of the Zion Post Office in Zion, Illinois.[1] Presently before this court is the defendant's motion for summary judgment. For the reasons set forth below, summary judgment is granted in favor of the defendant.

### I. Background

The relevant facts are largely undisputed. Since 1983, when Stewart's right leg was seriously injured in a car accident, she has required the aid of crutches to walk. She has learned to maneuver herself by placing her crutches in front of her, dragging her right foot forward without placing pressure on it, and then pulling her left foot forward. Despite this disability, since 1988 Stewart has travelled to the Zion Post Office monthly to purchase stamps. At approximately 4:45 p.m. on the afternoon of March 3, 1993,

---

**1.** Although the United States Postal Service was also named as a defendant, we dismissed this entity from the action on March 14, 1995.

during one of her monthly treks, Stewart fell just outside the lobby doors of the post office. She claims that her fall resulted from two rubber mats placed directly outside the lobby doors. Stewart claims that the edge of one of the mats rested on top of the edge of the other, such that one section of the mats overlapped while another section was separated by a one and one-half inch to two inch space. The plaintiff contends that as she dragged her right leg forward, it got caught in the gap between the mats and she fell forward.

After the United States Postal Service rejected her claim for compensation, Stewart filed the instant action under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.* ("FTCA"), seeking damages in excess of $50,-000. She claims that the defendant was negligent in leaving the rubber mats in an overlapping position, and that this negligence proximately caused her injuries. The United States now moves for summary judgment, arguing (1) that it had no duty to warn Stewart of the open and obvious condition of the mats, (2) that it did not breach any duty it may have owed, and (3) that it had neither actual nor constructive knowledge of the allegedly unsafe condition of the rubber mats.

## II. Summary Judgment Standard

■ Summary judgment may be granted only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). The moving party bears the initial burden of identifying "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (quoting Fed. R.Civ.P. 56(c)). The movant may satisfy this

burden by presenting specific evidence on a material issue, or by pointing out "an absence of evidence to support the nonmoving party's case." *Celotex Corp.,* 477 U.S. at 325, 106 S.Ct. at 2554. Once the moving party has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). A genuine issue means more than simply a "metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); rather, "[a] genuine issue exists when the evidence is such that a reasonable jury could find for the non-movant." *Buscaglia v. United States,* 25 F.3d 530, 534 (7th Cir.1994). Although we must draw reasonable inferences in favor of the non-moving party, "we are not required to draw every conceivable inference from the record—only those inferences that are reasonable." *Bank Leumi Le–Israel, B.M. v. Lee,* 928 F.2d 232, 236 (7th Cir.1991).

## III. Discussion

■ Both parties agree that because Stewart's fall occurred in Illinois, the law of that state provides the rules of decision in this FTCA case. *See* 28 U.S.C. §§ 1364(b), 2674; *Buscaglia,* 25 F.3d at 534. As a public entity, the United States is protected by the Illinois Local Government Tort Immunity Act to the same extent as any other municipality. *See Cooks v. United States,* 815 F.2d 34, 35 (7th Cir.1987).[2] Consequently, in order for Stewart to prevail on her claim she must prove that she was owed a duty of care by the United States, that a breach of this duty proximately caused her injuries, and that the United States had actual or constructive notice of the allegedly unsafe condition in time to correct it. *Reeves v. United States,* No. 93 C 6050, 1994 WL 577227, at *2 (N.D.Ill. Oct. 18, 1994); *Adduci v. United States,* No. 93 C 4556, 1994 WL 395105, at *1

2. The most relevant provision of the Act for our purposes is 745 ILCS 10/3–102(a):

[A] local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity intended and permitted to use the property in a manner in which and at such times as

it was reasonably foreseeable that it would be used, and shall not be liable for injury unless it is proven that it has actual or constructive notice of the existence of such a condition that is not reasonably safe in reasonably adequate time prior to an injury to have taken measures to remedy or protect against such condition.

(N.D.Ill. July 28, 1994); *Burman v. United States,* No. 93 C 1553, 1994 WL 9646, at *1 (N.D.Ill. Jan. 12, 1994). The defendant challenges Stewart's ability to satisfy any of these three requirements, contending that it owed her no duty because of the open and obvious nature of the rubber mats, that it did not breach its duty to provide a reasonably safe facility, and that, in any event, it had neither actual nor constructive notice of the allegedly unsafe condition. As we find this last argument persuasive, we need not delve into the other two issues.

The defendant points out that Stewart had been going to the Zion Post Office each month since 1988, and had used her crutches on each of her visits, but during that entire time she never complained to postal employees about the condition of the rubber mats. Def.'s 12(M) ¶¶ 3, 4, 29.[3] Nor had employees at the Zion Post Office received comments or complaints about the mats, or learned of anyone else tripping on the mats, prior to March 3, 1992. *Id.* ¶¶ 26–27.[4] As Stewart bears the burden of demonstrating actual or constructive notice, *see C.D.L., Inc. v. East Dundee Fire Protection Dist.,* 252 Ill.App.3d 835, 191 Ill.Dec. 509, 515, 624 N.E.2d 5, 11 (1993), *appeal denied,* 155 Ill.2d 562, 198 Ill.Dec. 541, 633 N.E.2d 3 (1994), she cannot survive summary judgment unless she can rebut this evidence proffered by the defendant, *see Adduci,* 1994 WL 395105, at *2 (granting summary judgment for post office in part because defendant received no complaints about condition of entrance); *Burman,* 1994 WL 9646, at *2 (granting summary judgment based on absence of prior complaints or accidents with mats).

 We conclude that Stewart cannot sustain the burden that Rule 56 places upon her. Although she asserts that the defendant had actual knowledge of the allegedly dangerous condition of the mats, she fails to point to any evidence supporting this conclusion. Her sole argument is that the defendant had exclusive control over the area in question, and therefore must have created the dangerous condition. Pl.'s Resp. to Motion for Summ. J., at 10. However, this assertion shows nothing about whether any employee of the Zion Post Office actually knew of the allegedly dangerous condition of the mats, or whether the defendant had constructive knowledge of the same. Simple control alone is not sufficient to infer constructive knowledge of a dangerous condition; rather, constructive notice " 'is established where a condition has existed for such a length of time, or was so conspicuous, that authorities exercising reasonable care and diligence might have known about it.' " *Burke v. Grillo,* 227 Ill.App.3d 9, 169 Ill.Dec. 45, 51, 590 N.E.2d 964, 970 (1992) (quoting *Finley v. Mercer County,* 172 Ill.App.3d 30, 122 Ill.Dec. 376, 378, 526 N.E.2d 635, 637 (Ill.App.Ct.), *appeal denied,* 122 Ill.2d 573, 125 Ill.Dec. 216, 530 N.E.2d 244 (1988)). In her deposition Plaintiff does not describe the mats as conspicuous, but rather, admits that the two mats overlapped by no more than two inches, and were not marred by wrinkles or curled edges. Def.'s 12(M) ¶¶ 18–19; Pl.'s 12(N) ¶¶ 18–19. It is also undisputed that a postal custodian checked the placement of the mats on the morning of March 3, and thus any unsafe condition could not have existed for more than one day. Quite simply, Stewart fails to point to any evidence in the record which could support a jury's finding of constructive notice on the part of the United States. Without any such evidence, she cannot proceed past summary judgment. *See Burke,* 169 Ill.Dec. at 51, 590 N.E.2d at 970 (affirming grant of summary judgment where evidence did not indicate that the hole plaintiff fell into was conspicuous).

## IV. Conclusion

Accordingly, for the reasons set forth above, the defendant's motion for summary judgment is granted. It is so ordered.

---

3. We shall refer to the defendant's Local Rule 12(M) statement as "Def.'s 12(M) ¶——" and the plaintiff's Local Rule 12(N)(3)(a) response as "Pl.'s 12(N) ¶——."

4. We note that the plaintiff's responses to paragraphs 26–27 of the defendant's 12(M) statement are insufficient under Local Rule 12(N)(3)(a), and are therefore deemed admitted. *See Skagen v. Sears, Roebuck & Co.,* 910 F.2d 1498, 1500 (7th Cir.1990).