**Marilyn ROSE, Plaintiff,**

v.

**UNITED STATES of America and Salvino Wrecking & Hauling, Inc., Defendants.**

**No. 95 C 0867.**

United States District Court,
N.D. Illinois,
Eastern Division.

June 10, 1996.

Michael F. Conway, Rosenfeld, Rotenberg, Hafront & Shapiro, Chicago, IL, for Marilyn Rose.

Joan Cagen Laser, United States Attorney's Office, Chicago, IL, for United States of America.

Mary Kay Scott, Rachelle L. Evans, Bullaro, Carton & Stone, Chicago, IL, for Salvino Wrecking & Hauling.

### MEMORANDUM OPINION AND ORDER

ASPEN, Chief Judge:

Plaintiff Marilyn Rose brings this two-count amended complaint against the United States of America and Salvino Wrecking & Hauling, Inc. ("Salvino"). Rose claims that because of the defendants' negligence, she fell on the snow and ice outside the Post Office in Berwyn, Illinois. Presently before this court are the defendants' motions for summary judgment, and for the reasons set forth below both of these motions are granted.

## I. Background

The relevant facts, which are largely undisputed, are lifted from the parties' submissions pursuant to General Rules 12(M) and 12(N) of the United States District Court for the Northern District of Illinois ("Local Rule 12(M)" and "Local Rule 12(N)").[1] At approximately 6:00 p.m. on Sunday, February 13, 1994, Rose left her residence in Berwyn and walked up Clarence Avenue towards Cermak Road. Plaintiff claims it was not snowing at that time, but that a fair amount of snow and ice remained on the ground from previous snowfalls. As she continued up Clarence, Rose approached a section of sidewalk adjacent to the Berwyn Post Office that also serves as a driveway leading to the parking lot of the Post Office. At her deposition the plaintiff testified that the snow on this portion of the sidewalk was "bumpy," but she continued to walk on the sidewalk because "it seemed like it was very solid." USA's 12(M) ¶ 8, Ex. 2 at 29.

However, as Rose continued forward she claims she hit a patch of ice and fell backwards, injuring her hands and wrists. Rose contends that she did not see the ice patch until she starting slipping, and after she fell she noticed that the ice was "bumpy" and had tire tracks in it. USA's 12(M) ¶ 10–11. Rose claims that the snow was "bumpy and lumpy," and the "ice was bumpy, too, like in chunks." USA's 12(M) ¶ 13, Ex. 2 at 87–88. Plaintiff reasons that since new snow is soft, the hard and lumpy snow and ice on the sidewalk must have been an unnatural accumulation caused by (1) the negligent removal of snow and ice by Post Office employees and (2) the excessive incline of the driveway adjacent to the sidewalk.

The portion of the sidewalk at issue is not owned by the United States, but by the city of Berwyn. It is undisputed that one Post Office custodian, Ed Karon, shoveled the sidewalk and spread calcamite—a melting agent—during the work days of February 7 through February 11, 1994. Pl.'s 12(N)(3)(b) ¶ 3–6. Another Post Office custodian, Diane Gurzynski, does not remember if she shoveled on February 12—the day before Rose fell—but claims that if it snowed at any time prior to her signing out that day, she would have shoveled the sidewalk area. USA's 12(M) ¶ 28. All parties submit that the Post Office was closed on Sunday, February 13, and therefore no one shoveled the sidewalk area on that day. USA 12(M) ¶ 29.

Rose also claims that Salvino is responsible for her fall, since it plowed the parking lot adjacent to the sidewalk. However, Salvino's contract with the Post Office only provided for it to remove snow from the parking lot so that postal trucks could access the building

---

1. We note that the plaintiff neglected to respond to Defendant Salvino's Local Rule 12(M) statement of material facts, and therefore we deem these facts admitted. *See* Local Rule 12(N)(3)(b) ("All material facts set forth in the statement required of the moving party will be deemed admitted unless controverted by the statement of the opposing party.").

through the lot. Salvino's 12(M) ¶¶ 19–20, 23. Salvino did not remove snow from the sidewalks, and was not responsible for treating ice on the parking lot or sidewalks. USA's 12(M) ¶ 37; Salvino's 12(M) ¶ 21. After removing snow from the lot, Salvino would usually check with the custodian supervisor at the Post Office, Karen Leonard, to ensure that the work was done properly. USA's 12(M) ¶ 38; Salvino's 12(M) ¶ 22. Leonard never observed Salvino plow the snow onto the sidewalk. USA's 12(M) ¶ 26. The parties agree that Salvino did not plow the parking lot at any time between February 12–13, as the gates to the lot were closed from 5:00 p.m. on Saturday until 11:00 p.m. on Sunday.

Prior to the day of her fall, Plaintiff was unaware of anyone falling on the sidewalks outside the Post Office, and she never complained to postal or city employees about the condition of the sidewalks on Clarence Avenue. USA's 12(M) ¶¶ 17–18. In addition, the Berwyn Post Office had not received any complaints before Rose's accident concerning any defect or unsafe condition on the sidewalk. USA's 12(M) ¶ 36.

After the United States Postal Service rejected her claim for compensation, Rose filed the instant action. Count I is directed against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1364(b), 2671–80 ("FTCA"), and Count II seeks damages from Salvino under state law. Both defendants now move for summary judgment.

## II. Summary Judgment Standard

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together

with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue, or by pointing out "an absence of evidence to support the non-moving party's case." *Celotex Corp.*, 477 U.S. at 325, 106 S.Ct. at 2554. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but "must set forth specific facts showing that there is a genuine issue for trial." Fed. R.Civ.P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); rather, "[a] genuine issue exists when the evidence is such that a reasonable jury could find for the non-movant," *Buscaglia v. United States*, 25 F.3d 530, 534 (7th Cir.1994). When reviewing the record we must draw all reasonable inferences in favor of the non-movant; however, "we are not required to draw every conceivable inference from the record—only those inferences that are reasonable." *Bank Leumi Le–Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir.1991).

## III. Discussion

■ We first address the plaintiff's FTCA claims against the United States in Count I. As lawsuits under the FTCA are governed by the substantive law of the state where the injury occurred, *Hess v. United States*, 361 U.S. 314, 318, 80 S.Ct. 341, 345, 4 L.Ed.2d 305 (1960); *Buscaglia*, 25 F.3d at 534, Illinois law applies to Count I of Rose's amended complaint. As a public entity, the United States is protected by the provisions of the Illinois Local Government Tort Immunity Act. *See Cooks v. United States*, 815 F.2d 34, 35 (7th Cir.1987).[2] "Consequently, in or-

2. More specifically, 745 ILCS 10/3–102(a) provides:

[A] local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people whom the

entity intended and permitted to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used, and shall not be liable for injury unless it is proven that it has actual or constructive notice of the existence of such a condition that

der for [Rose] to prevail on her claim she must prove that she was owed a duty of care by the United States, that a breach of this duty proximately caused her injuries, and that the United States had actual or constructive notice of the allegedly unsafe condition in time to correct it." *Stewart v. United States,* 918 F.Supp. 224, 226–27 (N.D.Ill.1996) (collecting cases). The United States challenges Rose's ability to satisfy any of these elements, and asks for judgment as a matter of law.

▇▇▇ The general rule in Illinois is that property owners, including public entities, are under no obligation to clear naturally accumulating snow and ice from their premises. *Kiel v. City of Girard,* 274 Ill.App.3d 821, 211 Ill.Dec. 291, 294, 654 N.E.2d 1101, 1104, *appeal denied,* 164 Ill.2d 565, 214 Ill. Dec. 322, 660 N.E.2d 1271 (1995); *Madeo v. Tri–Land Properties, Inc.,* 239 Ill.App.3d 288, 179 Ill.Dec. 869, 870, 606 N.E.2d 701, 702 (1992); *Williams v. Alfred N. Koplin & Co.,* 114 Ill.App.3d 482, 70 Ill.Dec. 164, 168, 448 N.E.2d 1042, 1046 (1983) (no duty to remove snow and ice from sidewalks adjoining property). While a property owner must exercise reasonable care when taking steps to remove snow and ice from its property, *Madeo,* 179 Ill.Dec. at 870, 606 N.E.2d at 702, the "[m]ere removal of snow, which leaves a natural accumulation of ice on the surface, does not of itself constitute negligence," *Webb v. Morgan,* 176 Ill.App.3d 378, 125 Ill.Dec. 857, 860, 531 N.E.2d 36, 39 (1988), *appeal denied,* 124 Ill.2d 563, 129 Ill.Dec. 157, 535 N.E.2d 922 (1989); *Williams,* 70 Ill.Dec. at 168, 448 N.E.2d at 1046; *Timmons v. Turski,* 103 Ill.App.3d 36,

58 Ill.Dec. 884, 886, 430 N.E.2d 1135, 1137 (1981). Moreover, "[r]uts and uneven surfaces created by traffic in snow and ice are not considered unnatural and cannot form the basis for liability." *Harkins v. System Parking, Inc.,* 186 Ill.App.3d 869, 134 Ill.Dec. 575, 578, 542 N.E.2d 921, 924 (1989); *Erasmus v. Chicago Housing Authority,* 86 Ill. App.3d 142, 41 Ill.Dec. 533, 535, 407 N.E.2d 1031, 1033 (1980) (holding that rutted and uneven ice caused by pedestrian traffic could not be considered "unnatural"). Because Rose has not presented sufficient evidence to support a finding that her injury was caused by an unnatural accumulation of ice or snow, we conclude that she cannot survive summary judgment.[3]

▇▇▇ Although Plaintiff alleges in her complaint that the snow and ice she fell upon was an unnatural accumulation, Amend.Compl. ¶¶ 5–6, she has offered no facts to support this assertion. She claims that the ice and snow on the sidewalk was "bumpy," "lumpy," and "hard," yet it is clear that such conditions alone, even if caused by foot or car traffic, are insufficient to constitute an "unnatural accumulation." *Harkins,* 134 Ill.Dec. at 578, 542 N.E.2d at 924; *Galivan v. Lincolnshire Inn,* 147 Ill.App.3d 228, 101 Ill.Dec. 18, 19, 497 N.E.2d 1331, 1332 (1986)[4]; *Erasmus,* 41 Ill.Dec. at 535, 407 N.E.2d at 1033. Rose speculates that because custodial employees of the Post Office shoveled the sidewalk during the week prior to her accident, she must have fallen on an unnatural accumulation of ice and snow. Not so. Hardened ice and snow may have naturally accumulated, and the United States would not be

---

is not reasonably safe in reasonably adequate time prior to an injury to have taken measures to remedy or protect against such condition.

3. Plaintiff tries to avoid this deficiency in her evidence by arguing that she does not need to prove the existence of an unnatural accumulation. Pl.'s Resp. at 15. However, the cases she cites in support of this contention are inapposite, as they all involve defendants that undertook a contractual duty to remove all accumulations of snow and ice. *See Eichler v. Plitt Theatres, Inc.,* 167 Ill.App.3d 685, 118 Ill.Dec. 503, 507–09, 521 N.E.2d 1196, 1200–02, *appeal denied,* 122 Ill.2d 573, 125 Ill.Dec. 215, 530 N.E.2d 243 (1988); *Schoondyke v. Heil, Heil, Smart & Golee, Inc.,* 89

Ill.App.3d 640, 44 Ill.Dec. 802, 805, 411 N.E.2d 1168, 1171 (1980) (condominium association undertook obligation in bylaws to clear sidewalks of all snow). In contrast, the United States assumed no responsibilities in addition to those thrust upon it as a landowner.

4. Although Shepard's Citations lists this decision as being vacated by *Galivan v. Lincolnshire Inn,* 111 Ill.2d 567, 115 Ill.Dec. 369, 517 N.E.2d 1055 (1985), that case merely vacated an earlier dismissal of the appeal, and did not purport to vacate the 1986 decision by the Illinois Appellate Court for the Second District. Accordingly, we still consider the Appellate Court's 1986 *Galivan* decision a valid statement of Illinois law.

liable for exposing such natural accumulations. *Kiel,* 211 Ill.Dec. at 294, 654 N.E.2d at 1104; *Webb,* 125 Ill.Dec. at 860, 531 N.E.2d at 39; *Williams,* 70 Ill.Dec. at 168, 448 N.E.2d at 1046; *Timmons,* 58 Ill.Dec. at 886, 430 N.E.2d at 1137. Rose simply assumes that the postal employees created the ice and snow accumulation on the sidewalk, and does not even come close to presenting the factual showing needed to survive summary judgment. *Compare Webb,* 125 Ill.Dec. at 860–61, 531 N.E.2d at 39–40 (upholding jury finding of negligence where plaintiff submitted expert testimony that run-off from piles of snow created by defendant would likely accumulate and freeze in place where plaintiff slipped), *and Fitz Simons v. National Tea Co.,* 29 Ill.App.2d 306, 173 N.E.2d 534, 538, 541 (1961) (affirming jury finding of negligence where defendant admitted that he had plowed snow toward high end of parking lot, and that melting snow froze in area where plaintiff fell), *with Madeo,* 179 Ill.Dec. at 871–72, 606 N.E.2d at 703–04 (affirming grant of summary judgment where plaintiff presented no evidence indicating that plowed snow melted and then reformed near spot of accident as ice), *and Crane v. Triangle Plaza, Inc.,* 228 Ill.App.3d 325, 169 Ill.Dec. 432, 436, 591 N.E.2d 936, 940 (1992) (affirming summary judgment because plaintiff failed to offer anything more than "complete speculation" as to "nexus between the snow pile on the periphery of the parking lot and the ice" upon which plaintiff fell). As the plaintiff has failed to submit any evidence of a nexus between the actions of Post Office employees and the conditions of the sidewalk, this part of her claim cannot survive summary judgment.

Plaintiff also bases Count I on an allegation that the driveway adjacent to the sidewalk had an "excessive" incline. Although the paucity of argument on this issue in her response brief essentially waives the claim, *see Bakalis v. Golembeski,* 35 F.3d 318, 326 n. 8 (7th Cir.1994) (deeming argument made only in footnote in opening brief waived), we nonetheless consider its merits. "When a plaintiff alleges that the design of a sloping surface created an unnatural accumulation of ice, there must be evidence presented of the dangerous nature of the slope, that the slope was the proximate cause of the plaintiff's injuries and that the landowner had notice of the defect." *Crane,* 169 Ill.Dec. at 437, 591 N.E.2d at 941 (quoting *Wells v. Great Atlantic & Pacific Tea Co.,* 171 Ill.App.3d 1012, 121 Ill.Dec. 820, 822, 525 N.E.2d 1127, 1129 (1988)). Here, Rose offers nothing more than an allegation that the incline of the driveway caused her injuries, even though "the mere existence of a slope in the lot is not enough to defeat a motion for summary judgment," *Crane,* 169 Ill.Dec. at 437, 591 N.E.2d at 941. She presents no expert testimony on the alleged incline or its effect on accumulations of ice and snow. Nor does she put forward evidence showing how the incline may have led to an unnatural accumulation of snow and ice. Quite simply, we find no evidence to support the plaintiff's allegations that the incline in the Post Office parking lot resulted in an unnatural accumulation of snow or ice on the sidewalk. "While a court must draw all reasonable factual inferences in the light most favorable to the non-movant, summary judgment is proper where a plaintiff neglects to establish any factual support for a theory of recovery." *Buscaglia,* 25 F.3d at 535 (citation omitted). In this case Rose has failed to establish the necessary factual support for her theories of liability against the United States, and therefore we must grant the United States' motion for summary judgment.[5]

---

5. Moreover, even if the above deficiencies did not exist, the United States would still be entitled to summary judgment because there is no indication that it possessed actual or constructive notice of the allegedly unsafe condition. None of the employees indicated that they were aware of an unnatural accumulation of snow or ice on the sidewalk, and the relevant custodial workers testified that they properly shoveled the sidewalk during the week preceding Rose's fall. Plaintiff appears to argue that this latter fact demonstrates constructive notice, yet this reasoning misconstrues the meaning of term "constructive notice", which "is established where a condition has existed for such a length of time, or was so conspicuous, that authorities exercising reasonable care and diligence might have known about it." *Stewart,* 918 F.Supp. at 227 (quotations and citation omitted). Evidence on either of these elements has not been introduced, and indeed, the plaintiff undermines any claim of conspicuousness by stating that she continued to walk on the sidewalk because "it seemed like it was very

■ For similar reasons, Count II cannot survive Salvino's motion for summary judgment.[6] At the outset, we observe that Salvino was not obligated to clear the sidewalk adjacent to the Post Office, or to remove anything other than snow from the parking lot. *See Dyduch v. Crystal Green Corp.,* 221 Ill.App.3d 474, 164 Ill.Dec. 94, 98, 582 N.E.2d 302, 306 (1991) (holding defendant not liable in tort for tasks it did not have a contractual duty to perform). However, because Salvino had a contract with the Post Office to remove snow from the parking lot, it was required to exercise reasonable care when performing this task. *Madeo,* 179 Ill.Dec. at 870, 606 N.E.2d at 702 ("a party who contracts with a property owner to remove snow or ice also owes the customer of that property owner a duty of reasonable care"). In order to survive summary judgment Rose must show that in the course of Salvino's performance it created an unnatural accumulation of snow or ice that caused her to fall. *Id.; Crane,* 169 Ill.Dec. at 435, 591 N.E.2d at 939. However, plaintiff does not submit any evidence on this point, such as the placement of the plowed snow or expert testimony on how this placement caused the allegedly dangerous conditions on the sidewalk. Rather, Rose merely asserts that Salvino must have neglected to clear the driveway area and therefore caused an unnatural accumulation to develop. Pl.'s Resp. at 16. As discussed above, this bare allegation is insufficient to overcome the burdens imposed by Rule 56. Accordingly, because the plaintiff has not pointed to any evidence indicating that Salvino breached any duty owed to her, we grant summary judgment to Salvino on Count II.

solid." USA's 12(M) ¶ 8, Ex. 2 at 29. In sum, we can find no evidence in the record to support a finding that the United States had the requisite knowledge of any unsafe condition on the sidewalk.

6. Although dismissal of Count I, the only federal claim in this action, prior to trial would normally lead us to decline to exercise our supplemental jurisdiction over this remaining state law claim

## IV. Conclusion

For the reasons set forth above, the defendants' motions for summary judgment are granted. It is so ordered.

between non-diverse parties, *see Korzen v. Local Union 705, Int'l Bhd. of Teamsters,* 75 F.3d 285, 289 (7th Cir.1996), we nonetheless consider the merits of Count II because it is so interrelated with the federal claim and there exists no danger of an unnecessary intrusion into state law, *see Brazinski v. Amoco Petroleum Additives Co.,* 6 F.3d 1176, 1182 (7th Cir.1993).