### John A. Devlin, by James Devlin, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 23,221. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. JOSEPH SABATH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Affirmed. Opinion filed March 12, 1918.

### Statement of the Case.

Action by John A. Devlin, a minor, by James Devlin, his next friend, plaintiff, against Chicago City Railway Company, defendant, to recover for personal injuries due to a collision of one of defendant's cars with the wagon in which plaintiff was riding and which he was driving. From a judgment for plaintiff, defendant appeals.

FRANKLIN B. HUSSEY and WATSON J. FERRY, for appellant; W. W. GURLEY and J. R. GUILLIAMS, of counsel.

RICHARD J. FINN, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

## Abstract of the Decision.

1. STREET RAILROADS, § 135*—*when contributory negligence of driver of wagon is question for jury.* In an action against a street railroad company by the driver of a wagon to recover for personal injuries sustained in a collision at a street intersection, *held* that the contributory negligence of plaintiff was a question for the jury.

2. NEGLIGENCE, § 53*—*what constitutes proximate cause.* To constitute proximate cause, the negligent act or omission must be the cause which produced the injury, but it need not be the sole cause or last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time which, in combination with it, causes the injury or which sets in motion a chain of circumstances and operates on them in a continual sequence unbroken by any new or independent cause.

3. NEGLIGENCE, § 196*—*when proximate cause of injury is question for jury.* Whether a second injury received before a recovery from a prior one proximately results from the same cause as the prior injury, is ordinarily a question for the jury.

4. NEGLIGENCE, § 47*—*when person may not recover for second injury.* It is the duty of one who breaks his knee to use due care to effect a cure and prevent a second injury, failing in which he cannot recover damages for such second injury.

5. DAMAGES, § 191*—*when question for jury whether proximate cause of second injury to knee due to original injury.* In an action for damages for personal injuries, where it appeared that plaintiff sustained a fracture of the patella of the right knee; that splints were put on and remained on the leg for 9 weeks; that, after these were taken off, he used crutches for a month and thereafter a cane, all under the advice of his physician; that while the injured limb was still swollen, and while plaintiff was walking along a sidewalk at night 3 days after starting back to work, using a cane, his left leg slipped and thereupon the right one doubled under him, fracturing the patella in the same place that it was originally broken, and the testimony of experts was in conflict as to the proximate cause of the second injury, *held* that the proximate cause of the second injury was a question for the jury.

6. APPEAL AND ERROR, § 1241*—*when defendant in personal injury case cannot complain of instruction given on behalf of plaintiff.* In a personal injury case, defendant cannot complain of the giving of an erroneous instruction on behalf of plaintiff, where,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

although an exception was taken to the instruction, yet, prior to reading the same, the instructions were all considered by the court and counsel, out of the presence of the jury, in compliance with a rule of court, and at such conference the attorney for defendant said that he had no objection to it if given with the "antithesis" which he had drawn, and the court stated that they would be given jointly, which was done.