2020 IL App (2d) 190491-U
No. 2-19-0491
Order filed May 7, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| JULIE EHARDT, | ) | Appeal from the Circuit Court |
| | ) | of Kane County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 15-L-598 |
| | ) | |
| ALGONQUIN GASOLINE, INC., | ) | Honorable |
| | ) | Mark A. Pheanis, |
| Defendant-Appellee | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Presiding Justice Birkett and Justice Hutchinson concurred in the judgment.

**ORDER**

¶ 1   *Held*: Defendant is entitled to summary judgment because the negligence claim merely alleges that defendant's ice removal was incomplete, and nothing suggested that the incomplete ice removal made the condition worse.

¶ 2   Plaintiff, Julie Ehardt, filed a negligence complaint against defendant, Algonquin Gasoline, Inc., after she fell and injured herself on defendant's property. She claimed that defendant breached its duty to provide patrons safe ingress to and egress from its business. Defendant moved for summary judgment, arguing that plaintiff failed to allege any facts indicating that the ice on which she fell was caused by anything other than a natural accumulation. The trial court granted the motion and denied plaintiff's motion to reconsider. Plaintiff timely appeals. We affirm.

¶ 3                                    I. BACKGROUND[1]

¶ 4      At 7 a.m. on December 28, 2013, plaintiff was on her way to work when she stopped at defendant's station to get gas. It was twilight, cloudy, and about 20 degrees. It was neither snowing nor raining, and the roads were dry.

¶ 5      Plaintiff parked by a gas pump, got out of her car, and began walking toward the gas station building to prepay for her gas. When she was about nine to ten steps away from the back of her car and still under the canopy over the gas pumps, she slipped and fell, injuring her right knee. Plaintiff stated that she was looking straight ahead as she was walking, and she did not see the legal-pad sized ice patch before she fell. Plaintiff did not know how thick the ice was, how the ice formed, or how long the ice had been there. She indicated that the ice was on top of cement that had a few penny-sized nicks in it.

¶ 6      Plaintiff spoke to the manager, Dave Huxtable, after she fell, and he told her that the salt does not work before the sun rises. Plaintiff indicated that Huxtable implied that the area where she fell had been salted.

¶ 7      Vaidya, who was not at the station when plaintiff fell, indicated that defendant contracted with a landscaper to plow and salt defendant's premises. In addition, defendant's employees inspected the premises every few hours and salted all the ice in areas where there was heavy foot traffic. This included the areas by the gas pumps and in front of the gas station building.

---

[1] The record on appeal consists of only a common-law record. That record contains the various motions the parties filed and the deposition transcripts of plaintiff and Lavish Vaidya, who is one of defendant's employees.

¶ 8    Based on these facts, defendant moved for summary judgment (735 ILCS 5/2-1005(c) (West 2018)), arguing that plaintiff failed to allege any facts indicating that the ice on which she fell was caused by a natural accumulation that defendant aggravated or an unnatural accumulation that defendant created.  Plaintiff responded that defendant negligently salted the area where plaintiff fell.  Plaintiff also claimed that defendant should have spread something other than salt that would have melted the ice when the sun was not out and that the signs defendant posted about the slippery conditions of the concrete should have been more conspicuous.  Attached to her response was her affidavit, wherein she attested that she could see there was little salt on the paved area and little to no salt where she fell.[2]

¶ 9    Without elaborating, the trial court granted the motion for summary judgment, and plaintiff moved the trial court to reconsider, arguing that the court misapplied the law.  The trial court denied the motion, noting that there was no evidence that the ice patch was anything other than a natural accumulation.  The trial court found that summary judgment was properly granted, because an abundance of caselaw in Illinois clearly establishes that a defendant cannot be liable for injuries resulting from falling on a natural accumulation of ice.

¶ 10                              II. ANALYSIS

¶ 11    At issue in this appeal is whether defendant's motion for summary judgment should have been granted.  Summary judgment is appropriate where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.*  A triable issue precluding summary judgment exists where material facts are disputed or where the

---

[2] Defendant moved to strike plaintiff's affidavit.  The trial court never ruled on that motion.

material facts are undisputed but reasonable people might draw different inferences from the undisputed facts. *Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d 32, 43 (2004). We review *de novo* the entry of summary judgment. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992).

¶ 12     As indicted, plaintiff sued defendant for negligence. To prevail in a negligence case, the plaintiff must prove that the defendant owed her a duty, the defendant breached that duty, and the plaintiff's injury proximately resulted from that breach. *Tzakis v. Dominick's Finer Foods, Inc.*, 356 Ill. App. 3d 740, 745-46 (2005). At issue here is whether defendant owed plaintiff a duty.

¶ 13     A property owner has no duty to remove naturally accumulated snow or ice. *Mickens v. CPS Chicago Parking, LLC*, 2019 IL App (1st) 180156, ¶ 27. This rule applies when either the property owner makes no attempt to remove naturally accumulated snow or ice or makes some attempt but does not remove all the snow or ice, regardless of how dangerous the natural accumulation may be. *Id.* ¶ 28.

¶ 14     In contrast, a property owner is liable for injury resulting from unnaturally accumulated snow or ice if the property owner has actual or constructive knowledge of the dangerous condition created. *Id.* ¶ 29. Snow or ice accumulates unnaturally when it collects artificially or when the property owner creates the condition that causes the snow or ice to amass in the way that it does. *Id.* Examples of unnaturally accumulated snow and ice include piles of snow created through snow-removal efforts and the ice that forms when those snow piles melt and the melted snow refreezes. *Id.* ¶ 30.

¶ 15     In light of the above, we conclude that plaintiff failed to put forth any facts establishing that defendant caused the ice to form in the area where she fell. Indeed, plaintiff admitted that she had no idea how the ice formed where it did, and she offered no evidence on the subject.

Nevertheless, plaintiff speculates that defendant is liable for her injuries because it voluntarily undertook to remove ice from its premises, including from the place where she fell. Plaintiff claims that defendant negligently failed to spread salt at all, failed to spread enough salt, or failed to spread a substance that is more effective in removing ice. These alleged omissions do not give rise to any liability on defendant's part.

¶ 16    First, as noted above, defendant cannot be liable for failing to remove a natural accumulation of ice. See *id.* ¶ 28. Thus, assuming that defendant failed to salt the area where plaintiff fell, defendant cannot be liable for her injuries in the absence of some evidence that the ice accumulated unnaturally. *Id.* ¶ 29. As we have already concluded, nothing indicates that the ice here accumulated unnaturally.

¶ 17    Second, defendant cannot be liable for failing to spread enough salt over a natural accumulation. Instructive on this point is *Timmons v. Turski*, 103 Ill. App. 3d 36 (1981), where the property owner, a dentist, shoveled and salted the walkway into his business one snowy morning. *Id.* at 36-37. After doing so, the plaintiff, who had an appointment with the defendant that morning, slipped and fell on the walkway, fracturing his left leg. *Id.* at 36. A jury found in favor of the plaintiff, and the appellate court reversed. *Id.* at 39. The appellate court noted that the voluntary undertaking to remove snow and ice may subject a property owner to liability if the removal was performed negligently, but the "mere removal of snow, which may leave a natural ice formation remaining on the premises does not of itself constitute negligence." *Id.* at 38. Thus, while the defendant voluntarily undertook to remove snow and ice and salt the walkway, he was not liable to the plaintiff, as no evidence indicated that the remaining ice on which the plaintiff slipped was anything other than a natural ice formation. *Id.* at 39.

¶ 18    Although *Timmons* is procedurally different from this case, it clearly establishes that a property owner cannot be liable for injuries caused from falling on ice that accumulated naturally. As in *Timmons*, defendant spread salt on its premises.  Plaintiff, like the plaintiff in *Timmons*, injured herself after falling in an area that defendant presumably treated.  Like in *Timmons*, nothing indicated that the ice on which plaintiff fell was anything other than a natural accumulation. Because the defendant in *Timmons* could not be liable for injuries the plaintiff sustained after falling on a treated natural accumulation, plaintiff here cannot establish that defendant owed her a duty when she fell on ice, whether that ice was treated or not.

¶ 19    In reaching our conclusion, we need not address plaintiff's claim that defendant owed and breached a duty to post more conspicuous warning signs.  We find the argument irrelevant here, as there was no genuine issue of whether defendant's ice removal was negligent.

¶ 20                                  III. CONCLUSION

¶ 21    For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 22    Affirmed.